# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTIE LATONYA ELLIS,<br>    Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:24-00426-N |
| | ) | |
| FRANK BISIGNANO,<br>*Commissioner of Social Security*,[1]<br>    Defendant. | )<br>)<br>) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christie Latonya Ellis brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Defendant Commissioner of Social Security denying her application for a period of disability and disability

---

[1] Former Commissioner Martin O'Malley resigned effective November 29, 2024, leading to a series of acting Commissioners. Frank Bisignano's nomination to be Commissioner of Social Security was confirmed on May 6, 2025, and he began his term of service the following day. *See*:

- https://federalnewsnetwork.com/people/2024/11/omalley-stepping-down-as-ssa-commissioner/ (last visited 3/26/2026)

- https://www.congress.gov/nomination/119th-congress/20 (last visited 3/26/2026)

- https://www.ssa.gov/history/commissioners.html (last visited 3/26/2026)

Accordingly, Bisignano was automatically substituted for former Commissioner O'Malley as the party defendant in this action under Federal Rule of Civil Procedure 25(d), and this change does not affect the pendency of this action. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."). The Clerk of Court is **DIRECTED** to update the title of this case on the docket accordingly.

insurance benefits (collectively, "DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*[2] Upon due consideration of the parties' briefs (Docs# 13, 14) and those portions of the certified transcript of the administrative record (Doc# 12) relevant to the issues raised, the Court finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED** for further administrative proceedings.[3]

## I.    *Procedural Background*

Ellis protectively filed the subject DIB application with the Social Security Administration ("SSA") on July 20, 2021. After the application was denied initially, and again on reconsideration, Ellis requested a hearing on her application with an Administrative Law Judge ("ALJ") of the SSA's Office of Hearings Operations, which was held on December 6, 2023. On January 10, 2024, the ALJ issued an unfavorable decision on Ellis's application, finding her not entitled to benefits. (*See* Doc# 12-2, PageID.49-66).

The Commissioner's decision on Ellis's application became final when the

---

[2] "Title II of the Social Security Act (Act), 49 Stat. 620, as amended, provides for the payment of insurance benefits to persons who have contributed to the program and who suffer from a physical or mental disability." *Bowen v. Yuckert*, 482 U.S. 137, 140, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (citing 42 U.S.C. § 423(a)(1)(D) (1982 ed., Supp. III)).

[3]     With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs# 10, 11).
    With the Court's agreement, the parties waived the opportunity to present oral argument. (*See* Docs# 16, 17).

Appeals Council with the SSA's Office of Appellate Operations denied her request for review of the ALJ's unfavorable decision on October 22, 2024. (*See id.*, PageID.39-44). Ellis subsequently brought this action under § 405(g) for judicial review of the Commissioner's final decision. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II. *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation omitted).

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. *T-Mobile South, LLC* v. *Roswell*, 574 U.S. [293], [301], 135 S. Ct. 808, 815, 190 L. Ed. 2d 679 (2015). Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)

3

(emphasis deleted). And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence … is "more than a mere scintilla." *Ibid.*; see, *e.g.*, [*Richardson v.*] *Perales*, 402 U.S. [389,] 401, 91 S. Ct. 1420[, 28 L. Ed. 2d 842 (1971)] (internal quotation marks omitted). It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison*, 305 U.S. at 229, 59 S. Ct. 206. See *Dickinson v. Zurko*, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard).

*Biestek v. Berryhill*, 587 U.S. 97, 102-03, 139 S. Ct. 1148, 203 L. Ed. 2d 504 (2019).

In reviewing the Commissioner's factual findings, a court "'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].'" *Winschel*, 631 F.3d at 1178 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). "'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

Put another way, "[u]nder the substantial evidence standard, we cannot look at the evidence presented to [an administrative agency] to determine if interpretations of the evidence other than that made by the [agency] are possible. Rather, we review the evidence that was presented to determine if the

4

findings made by the [agency] were unreasonable. To that end, [judicial] inquiry is highly deferential and we consider only whether there is substantial evidence for the findings made by the [agency], *not* whether there is substantial evidence for some *other* finding that could have been, but was not, made. That is, even if the evidence could support multiple conclusions, we must affirm the agency's decision unless there is no reasonable basis for that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc) (citations and quotation omitted).[4]

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [A court] must scrutinize the record as a whole to determine if the

---

[4] *See also Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam) ("The court need not determine whether it would have reached a different result based upon the record" because "[e]ven if we find that the evidence preponderates against the [Commissioner]'s decision, we must affirm if the decision is supported by substantial evidence."); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (under the substantial evidence standard, "we do not reverse the [Commissioner] even if this court, sitting as a finder of fact, would have reached a contrary result…"); *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("In light of our deferential review, there is no inconsistency in finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusions. Faced with the same record, different ALJs could disagree with one another based on their respective credibility determinations and how each weighs the evidence. Both decisions could nonetheless be supported by evidence that reasonable minds would accept as adequate."); *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991) ("Substantial evidence may even exist contrary to the findings of the ALJ, and we may have taken a different view of it as a factfinder. Yet, if there is substantially supportive evidence, the findings cannot be overturned."); *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.").

decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth,* 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts.").

Moreover, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g.*, *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam)

6

(quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").[5]

---

[5] However, the "burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409, 129 S. Ct. 1696, 173 L. Ed. 2d 532 (2009). *Accord Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1317–18 (11th Cir. 2021). *See also Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. Unit A Sept. 8, 1981) (per curiam) ("It is the claimant who bears the weighty burden of establishing the existence of a disability within the meaning of the Act, and therefore the appellant has the burden of showing that the Secretary's decision is not supported by substantial evidence in the record." (citation omitted)); *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (per curiam) (unpublished) ("Under a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports her position; she must show the absence of

substantial evidence supporting the ALJ's conclusion."). "[D]istrict court judges are not required to ferret out delectable facts buried in a massive record," *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (28 U.S.C. § 2254 habeas proceedings), and " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (Fed. R. Civ. P. 56 motion for summary judgment) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added). The Eleventh Circuit Court of Appeals, whose review of Social Security appeals "is the same as that of the district court[,]" *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam), generally deems waived claims of error not fairly raised in the district court. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115-16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam) (same); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal); *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) (per curiam) (unpublished) ("Sorter has abandoned on appeal the issue of whether the ALJ adequately considered her testimony regarding the side effects of her pain medication because her initial brief simply mentions the issue without providing any supporting argument. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (explaining that 'simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue')."); *Figuera v. Comm'r of Soc. Sec.*, 819 F. App'x 870, 871 n.1 (11th Cir. 2020) (per curiam) (unpublished) ("Figuera also argues the ALJ failed to properly assess her credibility … However, Figuera did not adequately raise this issue in her

8

Moreover, an ALJ's decision must "state with at least some measure of clarity the grounds for [the] decision." *Owens*, 748 F.2d at 1516; *Winschel*, 631 F.3d at 1179. A court cannot "affirm simply because some rationale might have supported the [Commissioner]' conclusion[,]" as "[s]uch an approach would not advance the ends of reasoned decision making." *Owens*, 748 F.2d at 1516.

---

brief before the district court. She raised the issue only summarily, without any citations to the record or authority. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (noting that a party 'abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority'). As a result, we do not address the sufficiency of the ALJ's credibility finding."); *Turner v. Social Security Administration, Commissioner*, No. 21-13590, 2022 WL 842188, at *2 (11th Cir. Mar. 22, 2022) (per curiam) (unpublished) ("An appellant forfeits an argument by 'mak[ing] only passing references to it or rais[ing] it in a perfunctory manner without supporting arguments and authority.' *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). In her briefing, Turner states that the Appeals Council failed to request her records or obtain a consultative evaluation. But she cites no authorities or makes any other argument tending to establish that it had a duty to do so. She has therefore failed to adequately develop this argument, and it is forfeited."); *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 899 (11th Cir. 2022) ("Harner's references to the substantiality of the evidence, the administrative law judge's analysis of her fibromyalgia, and the administrative judge's consideration of her daily activities as '[d]iminish[ing] the [p]ersuasiveness of [h]er [a]llegations' consist only of block quotations from and cursory mentions of various decisions of this and other courts. Harner failed to refer to the facts of her case or to provide any meaningful explanation as to how the decisions she cites apply to her claim, her arguments are forfeited."); *Grant v. Soc. Sec. Admin., Comm'r*, No. 21-12927, 2022 WL 3867559, at *2 (11th Cir. Aug. 30, 2022) (per curiam) (unpublished) (appellant forfeited most challenges where "brief consist[ed] largely of block quotations with only passing or conclusory references to how the law and the relevant facts relate"); *Walker v. Comm'r, Soc. Sec. Admin.*, 835 F. App'x 538, 542 (11th Cir. 2020) (per curiam) (unpublished ("As the government notes, Walker's argument on this issue consists of lengthy block quotes to caselaw without any attempt to apply the law to the facts of this case. He has thus abandoned the issue by failing to develop his arguments.").

Rather, "an agency's order must be upheld, if at all, on the same basis articulated in the order by the agency itself." *Fed. Power Comm'n v. Texaco Inc.,* 417 U.S. 380, 397, 94 S. Ct. 2315, 41 L. Ed. 2d 141 (1974) (quotation omitted). *See also Newton v. Apfel,* 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council."); *Nance v. Soc. Sec. Admin., Comm'r,* 781 F. App'x 912, 921 (11th Cir. 2019) (per curiam) (unpublished)[6] ("Agency actions … must be upheld on the same bases articulated in the agency's order." (citing *Texaco Inc.,* 417 U.S. at 397, and *Newton,* 209 F.3d at 455)).

Relevant here, eligibility for DIB requires a showing that a claimant is "under a disability[,]" 42 U.S.C. § 423(a)(1)(E), meaning that the claimant is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can

---

[6] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.,* 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

10

perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[7]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in other kinds of substantial gainful employment that exist

---

[7] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

11

in significant numbers in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

If a court determines that the Commissioner reached a decision "by focusing upon one aspect of the evidence and ignoring other parts of the record[, i]n such circumstances [the court] cannot properly find that the administrative decision is supported by substantial evidence. It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence." *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). Nevertheless, "'there is no rigid requirement that the ALJ specifically refer to

every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.'" *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam) (quotation and brackets omitted)).

When, as here, the ALJ denies benefits and the Appeals Council denies review of that decision, a court "review[s] the ALJ's decision as the Commissioner's final decision[,]" *Doughty*, 245 F.3d at 1278, and the Court "will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). But "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262.

### III.    *Summary of the ALJ's Decision*

At Step One, the ALJ determined that Ellis met the applicable insured status requirements for DIB through December 31, 2024, and that she had not engaged in substantial gainful activity since her alleged disability onset date of May 24, 2019.[8] (Doc# 12-2, PageID.54). At Step Two, the ALJ found that Ellis

---

[8] "For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured." *Moore*, 405 F.3d

had the following severe impairments: lumbar degenerative disc disease, cervical degenerative disc disease, peripheral neuropathy, and right sided carpal tunnel syndrome.[9] (Doc# 12-2, PageID.54). At Step Three,[10] the ALJ found that Ellis did not have an impairment or combination of impairments that met or equaled the severity of a specified impairment in Appendix 1 of the Listing of Impairments, 20 C.F.R. § 404, Subpt. P, App. 1. (Doc# 12-2, PageID.54-55).

---

at 1211 (citing 42 U.S.C. § 423(a)(1)(A) (2005)).

[9] "The severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." *Yuckert*, 482 U.S. at 153. *See also Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam) (Step Two "is a 'threshold inquiry' and 'allows only claims based on the most trivial impairments to be rejected.' " (quoting *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)). "[A]n 'impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.' A claimant's burden to establish a severe impairment at step two is only 'mild.' " *Schink*, 935 F.3d at 1265 (citation omitted) (quoting *McDaniel*, 800 F.2d at 1031).

[10] Step Three "identif[ies] those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of their vocational background." *Yuckert*, 482 U.S. at 153. *See also Sullivan v. Zebley*, 493 U.S. 521, 525, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990) ("In the third step, the medical evidence of the claimant's impairment is compared to a list of impairments presumed severe enough to preclude any gainful work … If the claimant's impairment matches or is 'equal' to one of the listed impairments, he qualifies for benefits without further inquiry."); *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997) ("If the claimant's condition meets or equals the level of severity of a listed impairment, the claimant at this point is conclusively presumed to be disabled based on his or her medical condition.").

At Step Four,[11] the ALJ determined that Ellis had the residual functional

capacity (RFC) "to perform sedentary work as defined in 20 CFR 404.1567(a)[12]

---

[11] At Step Four,

> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).
>
> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.
>
> In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted). "[A]n ALJ's RFC assessment is an administrative finding based on all the relevant evidence, including both medical and nonmedical evidence." *Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1065 (11th Cir. 2021).

[12] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. These terms are all defined in the regulations … Each classification … has its own set of criteria." *Phillips*, 357

15

except [she] can occasionally climb ramps or stairs but never climb ladders, ropes, or scaffolds[;] cannot work at unprotected heights or around other significant workplace hazards[;] can frequently balance; occasionally stoop or kneel; and never crouch or crawl[;]  can only occasionally reach overhead but can frequently reach in all other directions with the bilateral upper extremities[; and] can frequently handle, finger, or feel with the bilateral upper extremities." (Doc# 12-2, PageID.55-60). Based on the RFC and the hearing testimony of a vocational expert (VE),[13] the ALJ found that Ellis was able to perform past relevant work as a receptionist. (Doc# 12-2, PageID.60). Thus, the ALJ found that Ellis was not "disabled" under the Social Security Act from her disability onset date through her date last insured, and was thus not entitled to DIB. (*Id.*, PageID.60-61).

---

F.3d at 1239 n.4. The criteria for "sedentary" work are as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

[13] "A vocational expert is an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments. When the ALJ uses a vocational expert, the ALJ will pose hypothetical question(s) to the vocational expert to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Phillips*, 357 F.3d at 1240.

## IV.   *Analysis*

Ellis claims that the ALJ did not properly discredit her subjective complaints of pain when formulating the RFC. Reversible error has been shown.

A claimant's "statements about...pain or other symptoms will not alone establish [disability]." 20 C.F.R. § 404.1529(a)

> To establish a disability based on testimony of pain and other symptoms, a claimant must show: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam). "[I]n certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995) (per curiam).

*Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1277 (11th Cir.), *cert. denied sub nom. Raper v. O'Malley*, 145 S. Ct. 984 (2024). *See also* 20 C.F.R. § 404.1529(a) ("There must be objective medical evidence from an acceptable medical source that shows [the claimant] ha[s] a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and that, when considered with all of the other evidence (including statements about the intensity and persistence of…pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that [the claimant is] disabled.").

17

> If a claimant testifies as to his subjective complaints of disabling pain and other symptoms,…the ALJ must clearly "articulate explicit and adequate reasons" for discrediting the claimant's allegations of completely disabling symptoms. *Foote*, 67 F.3d at 1561–62. "Although this circuit does not require an explicit finding as to credibility, ... the implication must be obvious to the reviewing court." 67 F.3d at 1562 (quoting *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983)). The credibility determination does not need to cite " 'particular phrases or formulations' " but it cannot merely be a broad rejection which is " 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.' " *Foote*, 67 F.3d at 1561 (quoting *Jamison v. Bowen*, 814 F.2d 585, 588–90 (11th Cir. 1987)).

*Dyer*, 395 F.3d at 1210-11.

"In evaluating the intensity and persistence of…symptoms, including pain, [the Commissioner] will consider all of the available evidence, including [the claimant's] medical history, the medical signs and laboratory findings, and statements about how [the claimant's] symptoms affect [him or her]. [The Commissioner] will then determine the extent to which [the claimant's] alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how…symptoms affect [the] ability to work." 20 C.F.R. § 404.1529(a). *See also id.* § 404.1529(c)(1) ("When the medical signs or laboratory findings show that you have a medically determinable impairment(s) that could reasonably be expected to produce your symptoms, such as pain, we must then evaluate the intensity and persistence of your symptoms so that we can determine how your symptoms limit your capacity for

18

work. In evaluating the intensity and persistence of your symptoms, we consider all of the available evidence from your medical sources and nonmedical sources about how your symptoms affect you. We also consider…medical opinions…").

It is well established that "the claimant bears the burden of proving that he is disabled, and, consequently,…is responsible for producing evidence in support of his claim." *Ellison*, 355 F.3d at 1276. However, the Commissioner cannot reject a claimant's testimony regarding the intensity and persistence of pain and other symptoms based *solely* on a lack of corroborating objective medical evidence. *See* 20 C.F.R. § 404.1529(c)(2)-(3) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements…Because symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, we will carefully consider any other information you may submit about your symptoms."); *Todd v. Heckler*, 736 F.2d 641, 642 (11th Cir. 1984) (per curiam) ("In this circuit the ALJ must recognize that pain alone can be disabling, even when there is no objective medical evidence to support the claimant's testimony about pain. The ALJ improperly required objective medical evidence to support Todd's claim of disabling pain." (citation omitted)); *Snyder v. Comm'r of Soc. Sec.*, 330 F. App'x 843, 848 (11th Cir. 2009) (per curiam) (unpublished) ("[T]he ALJ cannot discredit Snyder's testimony as to the intensity or persistence of her

19

pain and fatigue solely based on the lack of objective medical evidence."). Other "[f]actors relevant to [a claimant's] symptoms, such as pain, which [the Commissioner] will consider include: (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of…pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate…pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or have received for relief of…pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve…pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms." 20 C.F.R. § 404.1529(c)(3). "The ALJ must consider these factors in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." *Raper*, 89 F.4th at 1277.

Here, the ALJ's decision indicates that he improperly rejected Ellis's subjective complaints regarding her pain based solely on a lack of corroborating objective evidence. At Step Four, after setting out the "pain standard" and the standards for consideration of other evidence, and discussing a "Pain Questionnaire" that Ellis completed on September 26, 2021, the ALJ found that Ellis's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[,]" but that her "statements concerning the

intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Doc# 12-2, PageID.56). However, the only "reason" ever "explained" was that "the severity of the complaints and symptoms described by the claimant are not supported by objective findings." (*Id.*). This statement was immediately followed by a summary of the objective medical evidence of record, after which the ALJ reiterated that "the severity of the claimant's complaints are not supported by the objective evidence of this medical record…" (*Id.*, PageID.56-57). There is no indication in the ALJ's decision that he considered any of the factors set out in § 404.1529(c)(3) in making his credibility determination.[14]

Of course, an ALJ cannot be required to consider factors that do not have any record evidentiary support. However, as Ellis's brief points out, her ALJ hearing testimony (Doc# 12-2, PageID.72-79)—which the ALJ does not appear to reference at all in his decision—provided evidence regarding several of the § 404.1529(c)(3) factors. Ellis testified as to "[t]he location, duration, frequency, and intensity of [her] pain [and] other symptoms[,]" 28 C.F.R. § 404.1529(c)(3)(ii), for example noting that her "lower back" bothered her the most and it radiated into her right leg, causing numbness. Ellis testified about

---

[14] While the ALJ also considered the medical opinions of record, he largely rejected them as unpersuasive, and there is no clear indication how they factored into his credibility determination. Indeed, the ALJ's credibility determination and RFC formulation were both made in his decision before the ALJ considered medical opinions.

how her symptoms affected her "daily activities[,]" *id.* § 404.1529(c)(3)(i), such as having to take 15-minute breaks during household chores, only being able to walk 15 minutes at a time before her feet start "hurting real bad," and how she "hurts standing at all times" such that she can only stand "about 15, 20 minutes at the most." Ellis testified about "[p]recipitating and aggravating factors" for her symptoms, *id.* § 404.1529(c)(3)(iii), such as heavy lifting, driving, walking for long periods, writing, typing, and marking. She also testified about "measures [she] use[s] or ha[s] used to relieve…pain or other symptoms[,]" *id.* § 404.1529(c)(3)(vi), in particular wearing hand and lumber braces and shoe insoles; using a cane for walking; using a pillow as a back wedge; and taking frequent breaks for stretching during activity. As part of her disability application process, Ellis also submitted a Function Report-Adult dated September 21, 2021 (Doc# 12-6, PageID.246-253) that provided additional information relevant to the § 404.1529(c)(3) factors, which the ALJ also does not appear to have expressly considered.

While the foregoing should in no way be considered an exhaustive list, it provides numerous evidentiary examples in the record of factors other than objective medical evidence the ALJ was required to consider as part of his credibility determination. However, because the ALJ's decision does not show, with at least some measure of clarity[,]" that his rejection of Ellis's subjective complaints was not based solely on a lack of supporting objective medical evidence, the Court cannot affirm the ALJ's decision "simply because some

22

rationale might have supported" it. *Owens*, 748 F.2d at 1516.[15]

As relief, Ellis requests that the Court "reverse the Defendant's finding that [she] was not disabled and…award benefits[,]" with remand for further proceedings only requested in the alternative. (Doc# 13, PageID.712). Ellis cites no authority to support her first form of requested relief, and the Eleventh Circuit has recognized that reversal with remand to the Commissioner for further proceedings is generally warranted where, as here, "the ALJ has failed to apply the correct legal standards[,]" though a federal court may enter an order "awarding disability benefits where the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993).

---

[15] Ellis has also argued that substantial evidence does not support the ALJ's decision to find not persuasive the medical opinions of Dr. Maria Villareal. While the undersigned questions some of the ALJ's stated reasoning in this regard, the undersigned has already found other reversible error. Moreover, the ALJ's decision regarding Dr. Villareal's opinions may change on remand after conducting a proper credibility determination based on consideration of all relevant evidence. Therefore, the undersigned declines to determine whether the ALJ also reversibly erred in his consideration of Dr. Villareal's opinions. *See Pupo*, 17 F.4th at 1066 n.4 ("Pupo's remaining issues on appeal challenge the ALJ's decision to not give controlling weight to her doctors' opinions and finding that her mental impairments did not meet a listed impairment. Because we remand on two of her other issues, we offer no opinion as to whether the ALJ erred in these regards. On remand from the district court, the ALJ is to reconsider Pupo's claim based on the entire record."). This should not hamper effective appellate review of this decision, if any. *See Henry*, 802 F.3d at 1267 ("Our review is the same as that of the district court, meaning we neither defer to nor consider any errors in the district court's opinion…" (citation and quotation omitted)).

However, almost a decade after *Davis* was issued, the United States Supreme Court cautioned that a court reviewing an agency decision "is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry. Rather, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *INS v. Orlando Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 154 L. Ed. 2d 272 (2002). *See also McDaniel v. Bowen*, 800 F.2d 1026, 1032 (11th Cir. 1986) ("[I]t would be an affront to the administrative process if courts were to engage in direct fact finding in these Social Security disability cases. The Congressional scheme is that, governed by standards promulgated by Congress and interpreted by the courts, the administrator is to find the facts case by case and make the determination of presence or absence of disability, and that, in the course of judicial review, the courts are then to respect the administrative determination."). The undersigned finds no reason to conclude this case is one of the "rare circumstances" where remand to the agency is not the proper remedy, and regardless is not convinced that that "cumulative effect of the evidence establishes disability without any doubt." [16] [17]

---

[16] *Compare Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991) ("The credibility of witnesses is for the Secretary to determine, not the courts … The decision of the Secretary here, however, rests not so much on the credibility of the 'history of pain; presented by Carnes, as on the adoption of a legal standard improper under Listing 10.10(A). []The record in this case is fully developed and there is no need to remand for additional evidence. Based on the facts adduced below and after application of the proper legal standard, we hold that claimant met the requirements of Listing 10.10(A) as early as 1982."), *with Broughton v.*

24

Accordingly, the Commissioner's final decision denying Ellis's application for benefits is due to be **REVERSED**, and this cause **REMANDED** to the Commissioner under sentence four of § 405(g) for further administrative proceedings.[18]

---

*Heckler*, 776 F.2d 960, 962 (11th Cir. 1985) (per curiam) ("Though we have found that the ALJ erred in his application of the legal standards, at this time we decline to enter an order requiring entitlement to disability benefits. While it is true that the opinions of Drs. Todd and Raybin provide strong evidence of disability, it is at least arguable that the report of Dr. Morse is to the contrary. Consequently, it is appropriate that the evidence be evaluated in the first instance by the ALJ pursuant to the correct legal standards.").

[17] In *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982), the Eleventh Circuit reversed the final unfavorable decision and ordered an award of benefits after finding the claimant there had suffered an "injustice" "[d]ue to the perfunctory manner of the hearing, the quality and quantity of errors pointed out, and the lack of substantial evidence to support the ALJ's decision…" 672 F.2d at 840. However, this case is a far cry from what occurred in *Walden*, and Ellis has not argued that she suffered a similar "injustice."

[18]      Citing *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988), Ellis asserts in her brief that it is "established in this Circuit that if the Commissioner fails to **adequately** articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Commissioner, as a matter of law, has accepted that testimony as true." (Doc# 13, PageID.703). In support of that proposition, *Cannon* cited *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987), which in turn cited *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. Apr. 14, 1986), where the proposition appears to have originated in this circuit. However, the undersigned agrees with the well-reasoned opinion in *Howell v. Astrue*, No. 8:10-CV-2175-T-26TGW, 2011 WL 4002557, at *4 (M.D. Fla. Aug. 16, 2011) (Wilson, M.J.), *report and recommendation adopted*, No. 8:10-CV-2175-T-26TGW, 2011 WL 3878365 (M.D. Fla. Sept. 2, 2011) (Lazzara, J.), that *MacGregor*'s "accept-as-true" rule for subjective testimony—for which *MacGregor* cited no authority in support, binding or otherwise—conflicts with earlier circuit precedent that remanded cases to the Commissioner for further consideration and explanation of subjective testimony when there was a failure to provide an adequate credibility determination, and that under this circuit's "prior panel precedent" rule the earlier precedent controls. Accordingly, the undersigned declines to hold as a matter of law that the Commissioner must

25

## V.    *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's final decision denying Ellis's July 20, 2021 DIB application is **REVERSED**, and this cause **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision. This remand under sentence four of § 405(g) makes Ellis a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993), and terminates this Court's jurisdiction over this matter.

Under Federal Rule of Civil Procedure 54(d)(2)(B), the Court hereby grants Ellis's counsel an extension of time in which to file a motion for fees under 42 U.S.C. § 406(b) until 30 days after the date of receipt of a notice of award of benefits from the SSA, should Ellis be awarded benefits on the subject application following this remand.[19] Consistent with 20 C.F.R. § 422.210(c), "the

accept Ellis's subjective testimony as true on remand.

It is worth noting that *MacGregor*—again, without citing any binding authority—announced a similar "accept-as-true" rule for when the Commissioner "ignored or failed properly to refute a treating physician's testimony…" 786 F. 2d at 1053. As was noted by *Howell*, 2011 WL 4002557, at *5, and as the undersigned has previously observed, *see Wright v. Colvin*, No. CV 14-00465-N, 2016 WL 796098, at *7 n.8 (S.D. Ala. Feb. 26, 2016), the Eleventh Circuit—in multiple, albeit unpublished, decisions—has called that rule into question as inconsistent with prior precedential decisions holding remand for further consideration of the treating physician's testimony was the appropriate remedy.

[19] *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam) ("Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."); *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam)

26

date of receipt of notice … shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." If multiple award notices are issued, the time for filing a § 406(b) fee motion shall run from the date of receipt of the latest-dated notice.

Final judgment shall issue separately hereafter in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the **26th** day of **March 2026**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

(unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").